# United States District Court
# District of New Jersey

Willmyra Nero

    Plaintiffs

-vs-

ST. Joseph's Regional Medical Hospital et;al

    Defendants

Civil Action No. _____

## Jurisdiction / Parties

Plaintiff, Willmyra Nero residing at Leath Correctional Institution 2809 Air Port Rd, Greenwood South Carolina 29649 City of Greenwood, State of South Carolina, complaining of the defendants above say:

## First Count

At all relevant times herein mentioned, defendants, ST. Joseph's Regional Medical Hospital was duly licensed hospital in the State of New Jersey, with there principal place of buisness being located at 703 Main Street, Paterson New Jersey.

page 1

At all relevant time herein mentioned the plaintiff, Willmyra Nero was under the care and treatment of the defendants, St Joseph's, John Doe and/or Jane Doe 1-10 (fictitiously named) with respect to her pregnancy and the birth of her son on October 30, 2012.

The defendants, John Doe and/or Jane Doe 1-10 (fictitiously named), are fictitious parties unknown to the plaintiff at this time, who were agents, servants and/or employees, physicians, nurses, medical assistants, physical assistants and/or independent contractors for any or all of the defendants. Said fictitiously named defendants were involved with and responsible for, along with the other defendants, administering treatment and rendering medical care to the plaintiff, Willmyra Nero.

The defendants, ABC Corporation 1-10 (fictitiously named), are fictitious parties unknown to the plaintiff at this time, who were agents, servants and/or employees, physicians, nurses, medical assistants, physical assistants and/or independent contractors for any or all of the other defendants. Said fictitiously named defendants were involved with and responsible for, along with the other defendants, administering treatment and rendering medical care to the plaintiff, Willmyra Nero.

page 2

At all relevant times herein mentioned, the defendants St. Joseph's John Doe and/or Jane Doe 1-10 (fictitiously named), treated the plaintiff with respect to her pregnancy when she appeared at the St. Joseph's Regional Medical Center emergency room.

On or about October 30, 2012 the plaintiff presented to St. Joseph's and was admitted into triage at 7:00 a.m. on October 30, 2012 with respect to complications from her pregnancy.

On or about October 30, 2012, the plaintiff while in triage and unattended by any medical personnel, delivered her baby without assistance of medical personnel and said infant ended up on the triage floor under the plaintiff's bed.

The conduct of the defendants as aforesaid in allowing plaintiff to birth her child while in a hospital triage without the assistance of any medical personnel resulted in the child being injured all of which ultimately resulted in the child's death on or about December 5, 2012 from complications from the aforesaid unattended child birth.

page 3

The defendants, St. Joseph's Doe, John and/or Jane Doe 1-10 (fictitiously named) and ABC Corporation 1-10 (fictitiously named), were careless and negligent in their treatment of the plaintiff and of plaintiff's newborn child and said treatment was a deviation from accepted standards of medical care.

Defendants, St. Joseph's John Doe and/or Jane Doe 1-10 (fictitiously named) and ABC Corporation 1-10 (fictitiously named), were careless and negligent and deviated from accepted standards of medical care with respect to the medical care, treatment and/or lack thereof, that should have been rendered to the plaintiff, Willmyra Nero.

As a direct and proximate result of the aforesaid carelessness, negligence and deviation from accepted standards of medical practice, the plaintiff Willmyra Nero sustained severe and permanent personal injuries, including the loss of her son who died on December 5, 2012, underwent pain and suffering and was in need of medical attention now and in the future.

Page 4

Wherefore, the plaintiff Willmyra Nero, demands judgement against defendants, St. Joseph's, John Doe and/or Jane Doe 1-10 and ABC Corporation 1-10 (fictitiously named) jointly, severally or in the alternative for damages plus interest and costs of suit...

## Second Unit

Plaintiff repeats each and every allegation of the first Count and incorporate same herein verbatim.

Prior to the care given by the defendants as aforesaid and despite the plaintiff's specific concerns, the plaintiff was never advised by the defendants, St. Joseph's, John Doe and/or Jane Doe 1-10 (fictitiously named), regarding any possible problems regarding the birth of her son.

As a direct and proximate result of the defendants', St. Joseph's John Doe and/or Jane Doe 1-10 (fictitiously named), failure to properly inform the plaintiff of the risks, defendants deviated from accepted standards of medical care.

As a direct and proximate results of the negligence of the defendants as aforesaid, plaintiff sustained the loss of her newborn son.

WhereFore, the plaintiff, Willmyra Nero demands judgement against the defendants, St. Joseph's, John Doe and/or Jane Doe 1-10 (fictitiously named), jointly, severally or in the alternative, for damages plus interest and costs of suit...

page 6