UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **WILLMYRA NERO,** | Civ. No. 2:15-00120 (WJM) |
| Plaintiff, | |
| v. | **OPINION** |
| **ST. JOSEPH'S REGIONAL MEDICAL HOSPITAL,** *et al.* | |
| Defendants. | |

**WILLIAM J. MARTINI, U.S.D.J.:**

*Pro se* Plaintiff Willmyra Nero alleges that Defendants failed to provide adequate care during her pregnancy, causing her bodily injury and the death of her newborn son. This matter comes before the Court on Defendant St. Joseph's Regional Medical Hospital's unopposed motion to dismiss pursuant to Fed. R. Civ. P. 12 (b)(1) and (b)(6). For the reasons stated in this Opinion, St. Joseph's motion is **GRANTED**. However, Nero will be granted leave to amend her complaint.

I. **BACKGROUND**

*Pro se* Plaintiff Willmyra Nero currently resides at Leath Correctional Institution in Greenwood, South Carolina. Defendant St. Joseph's Regional Medical Hospital ("St. Joseph's") is located in Paterson, New Jersey. On January 7, 2015, Nero filed the instant action alleging that St. Josephs, as well as other fictitious entities whose identities have yet to be determined, failed to provide her with adequate medical care during her pregnancy. According to Nero, St. Joseph's negligence resulted in her son's death, which occurred on December 5, 2012. St. Joseph's now moves to dismiss.

II. **DISCUSSION**

St. Joseph's motion to dismiss has two components. It first asserts that Nero has failed to allege a federal question or an amount-in-controversy that exceeds $75,000, thereby depriving this Court of jurisdiction. It then states that Nero's complaint fails to state a claim upon which relief can be granted because it is barred by the applicable statute of

1

limitations. Because the Court cannot currently ascertain whether there is diversity of citizenship of the parties, it will dismiss Nero's complaint without prejudice and grant Nero leave to amend. The Court will not rule on St. Joseph's statute of limitations defense until jurisdiction is established.

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). There are two types of challenges to subject-matter jurisdiction: (1) facial attacks, which challenge the allegations of the complaint on their face; and (2) factual attacks, which challenge the existence of subject-matter jurisdiction, quite apart from any pleadings. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). In reviewing a facial attack, like the one in this case, the court must consider the allegations of the complaint in the light most favorable to the plaintiff. *Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000); *PBGC v. White*, 998 F.2d 1192, 1196 (3d Cir. 1993).

Nero's complaint does not raise a federal question, so her case will belong in this Court only if it meets the requirements for diversity jurisdiction. 42 U.S.C. §1332(a) provides that a federal district court shall have jurisdiction over actions between citizens of different States where the matter in controversy exceeds the sum or value of $75,000. St. Joseph's incorrectly assumes that this Court does not have subject-matter jurisdiction because Nero did not plead a specific amount-in-controversy exceeding $75,000. Contrary to St. Joseph's position, where a complaint does not allege a specified amount in controversy, a district court should "perform its 'own independent appraisal of the value of the claim.'" *Penn v. Wal-Mart Stores, Inc.*, 116 F.Supp.2d 557, 561-62 (D.N.J. 2000)(citing *Angus v. Shiley Inc.*, 989 F.2d 142, 145-46 (3d Cir. 1993)). After conducting an independent appraisal of Nero's complaint, the Court concludes that the amount-in-controversy here exceeds $75,000. Nero alleges that St. Joseph's negligence caused her severe injury, most notably, the loss of her son. It is self-evident that severe bodily injury coupled with a loss of a child's life exceeds a value of $75,000; therefore, the amount-in-controversy has been met.

While the Court finds that the amount-in-controversy exceeds $75,000, it is not certain that there is diversity of citizenship between the parties. Currently, the Court knows that St. Joseph's is a hospital located in New Jersey and that Nero is currently serving a prison term in a Georgia penitentiary. "[F]or the purposes of diversity jurisdiction, citizenship means domicile, not residence." *Pierro v. Kugel*, 368 Fed.Appx. 308, 309 (3d Cir. 2010) (citing *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972)). Where a prisoner is a party to an action, as is the case here, her domicile before imprisonment presumptively remains her domicile during imprisonment. The prisoner will rebut the presumption only if she provides sufficient facts demonstrating a *bona fide* intent to remain in the state of incarceration upon release. *Id*. Because St. Joseph's is a citizen of New Jersey, diversity jurisdiction will exist only if Nero was domiciled in a state other than New Jersey before her incarceration, or if she can demonstrate a *bona fide* intent to remain in Georgia upon

release.[1]  As currently drafted, the complaint does not reveal whether either of those scenarios exist.  Consequently, the Court cannot determine if there is diversity of citizenship between the parties.  Nero's complaint is therefore **DISMISSED WITHOUT PREJUDICE**.  Nero is granted leave to amend her complaint to include information that would allow this Court to determine whether the parties are diverse.

### III.     CONCLUSION

For the foregoing reasons, St. Joseph's motion to dismiss is **GRANTED**.  The Court will also grant Nero leave to amend her complaint.  An appropriate order accompanies this decision.

                                                  /s/ William J. Martini  
                                      **WILLIAM J. MARTINI, U.S.D.J.**

**Date:  May 26th, 2015**

---

[1] "In order to overcome the presumption, the prisoner must offer more than conclusory statements and unsupported allegations.  No single factor is dispositive, and the analysis focuses not only on the number of contacts with the purported domicile, but also on their substantive nature." *Pierro*, 386 Fed.Appx. at 310 (quoting *Hall v. Curran*, 599 F.3d 70, 72 (1st Cir. 2010)).