**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **WILLMYRA NERO,**<br><br>        Plaintiff,<br><br>    v.<br><br>**ST. JOSEPH'S REGIONAL MEDICAL HOSPITAL,** *et al.*<br><br>        Defendants. | Civ. No. 2:15-00120 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

In her amended complaint, *pro se* Plaintiff Willmyra Nero accuses Defendants of medical malpractice. This matter comes before the Court on Defendant St. Joseph's Regional Medical Hospital's unopposed motion to dismiss for, *inter alia*, lack of subject matter jurisdiction. For the reasons stated below, the motion to dismiss is **GRANTED**.

**I.   BACKGROUND**

*Pro se* Plaintiff Willmyra Nero is a detainee at Leath Correctional Institution, located in Greenwood, South Carolina. Defendant St. Joseph's Regional Medical Hospital ("St. Joseph's") is located in Paterson, New Jersey. Nero filed a complaint accusing St. Joseph's of medical malpractice that resulted in physical injury and the death of her newborn son. St. Joseph's then filed a motion to dismiss the complaint, which this Court granted. In doing so, the Court noted that Nero did not sufficiently plead the existence of diversity of citizenship for the purposes of subject matter jurisdiction. However, the Court granted Nero leave to amend so that she could attempt to sufficiently allege that the parties are in fact diverse. Nero then filed her amended complaint, which also named several individuals who treated her during her pregnancy. St. Joseph's then filed the instant motion to dismiss.

## II.  DISCUSSION

The Court will dismiss Nero's complaint for lack of subject matter jurisdiction. Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). There are two types of challenges to subject matter jurisdiction: (1) facial attacks, which challenge the allegations of the complaint on their face; and (2) factual attacks, which challenge the existence of subject-matter jurisdiction, quite apart from any pleadings. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). In reviewing a facial attack, like the one in this case, the Court must consider the allegations of the complaint in the light most favorable to the plaintiff. *Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000); *PBGC v. White*, 998 F.2d 1192, 1196 (3d Cir. 1993).

Nero's amended complaint does not raise a federal question, so this Court can hear the case only if there is diversity jurisdiction under 28 U.S.C. § 1332(a)(1). Under that statute, this Court will have subject matter jurisdiction only if this dispute is between citizens of different states and the amount in controversy exceeds $75,000. Furthermore, diversity must be complete so that no Defendant is a citizen of the same state as Nero. *Velger v. Carr*, 532 Fed.Appx. 134, 135 (3d Cir. 2013). As this Court previously noted in its prior opinion, "citizenship means domicile, not residence" for diversity purposes. *Pierro v. Kugel*, 386 Fed.Appx. 308, 309 (3d Cir. 2010). That rule reflects the principle that an individual's citizenship is her "true, fixed and permanent home . . . [i]t is the place to which, whenever [s]he is absent, [s]he has the intention of returning." *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006) (quoting *Vlandis v. Kline*, 412 U.S. 441, 454 (1973)). Therefore, to establish domicile in a state, not only does one have to maintain a physical presence in that state, but she must demonstrate an intent to remain in that state. *Velger*, 532 Fed.Appx. at 135. Accordingly, when a citizen of State A is incarcerated in State B, it is presumed that she remains domiciled in State A during her incarceration. *Pierro*, 386 Fed.Appx. at 309-10. "That presumption, however, may be rebutted by showing a *bona fide* intent to remain in the state of incarceration on release." *Id.* at 309 (citations omitted).

In her amended complaint, Nero states that she was a citizen of New Jersey and was then transferred to a correctional facility in South Carolina. Therefore, the Court must presume that Nero is still a citizen of New Jersey unless she can demonstrate a *bona fide* intent to remain in South Carolina. Nero's complaint makes crystal clear that she intends to return to New Jersey upon her release. Therefore, Nero's domicile – and state of citizenship – is New Jersey. Because Nero and St. Joseph's are both citizens of New Jersey, there is no complete diversity of citizenship and, consequently, no basis for subject matter jurisdiction. Nero's complaint is therefore dismissed in its entirety for lack of subject matter jurisdiction, without prejudice to Nero's right to proceed in state court.

## III. CONCLUSION

For the foregoing reasons, St. Joseph's motion to dismiss is **GRANTED**. An appropriate order accompanies this decision.

/s/ William J. Martini

**WILLIAM J. MARTINI, U.S.D.J.**

**Date:  September 10, 2015**